IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**GWENDOLYN YARBOROUGH**  )
760 Barnes Street, NE  )
Washington, DC 20019  )         **JURY TRIAL DEMAND**
Plaintiff,  )
  )
v.  )
  )
**WASHINGTON METROPOLITAN**  )
**AREA TRANSIT AUTHORITY**  )
600 5th Street, NW  )
Washington, DC 20001  **)**
Defendant  )
  )

## COMPLAINT

### NATURE OF THE ACTION

This is an action to correct unlawful employment practices based on sexual harassment and disability discrimination and to provide appropriate relief to Plaintiff Gwendolyn Yarborugh ("Ms. Yarborough"), who was adversely affected by such practices. Defendant, Washington Metropolitan Area Transit Authority subjected Ms. Yarborough to discrimination arising from her employment. This lawsuit is brought pursuant to Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e 5(f)(1), referenced in Section 107(a) of the Americans with Disabilities Act, 42 U.S.C. § 2117(a). Ms. Yarborough also asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C § 12101 *et. seq.*, and the District of Columbia Human Rights Act ("DCHRA").

### PARTIES

1. The Plaintiff, Ms.Yarborough, is an African-American female and a former employee of Defendant.

2. Defendant, Washington Metropolitan Area Transit Authority ("Defendant") is a tri-jurisdictional agency that operates transit service in the Washington metropolitan area.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. All jurisdictional predicates have been met.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Defendant does business in this District, and the activities giving rise to Ms. Yarborough's claims occurred in this District.

## STATEMENT OF CLAIMS

5. Defendant hired Ms. Yarborough on June 24, 2007 as a Bus Operator. She dutifully served in this role until her untimely separation from employment due to a mental health disability induced by sexual harassment and the repeated violations of her rights.

6. Ms. Yarborough's claims arise from multiple instances of sexual harassment by her former supervisor, Abdullah Fuller.

7. The harassment first occurred on June 12, 2018 while having lunch in Defendant's lounge area with several co-workers - specifically, Cedric Hill, Avon Green and Jamal Henson. During the lunch period, Mr. Fuller emerged from the restroom, walked into the lounge and said to Ms. Yarborough "Me and [another manager] was (sic) talking about you. We said you have a flat butt, but you look like you give head real good." Mr Fuller then walked away.

8. Ms. Yarborough was stunned, embarrassed and ashamed. Adding insult to her injury, Mr. Fuller's comments were made not only in the presence of the co-workers with whom she was having lunch, but also in the presence of all of the employees in the lunchroom.

9. Ms. Yarborough repeatedly complained about Mr. Fuller's conduct to her department head and to Defendant's management. Nonetheless, the harassment continued. On multiple occasions, Ms. Yarborough continued to be harassed by Mr. Fuller, as well as other managers and co-workers. Despite Ms. Yarboroough's multiple complaints about the harassment, Defendant failed to promptly address the mistreatment she experienced.

10. As a result, Ms. Yarborough underwent several months of intense mental health therapy

to address the emotional trauma resulting from the harassment she endured. Indeed, since the harassment first occurred, she has been on blood pressure medication. She was instructed to see her doctor every two weeks to have her blood pressure checked. Ms. Yarborough's mental health condition substantially affected her everyday life activities.

11. In April 2019, Ms. Yarborugh requested -- and was eventually approved for -- leave under the Family Medical Leave Act of 1993.

12. Subsequently, in May 2019, Shantara Johnson-Bey, Defendant's Assistant Superintendent, violated Ms. Yarborough's privacy and disability rights by releasing her private health information to over 300 of Defendant's employees via email.

13. Following the harassment, Ms. Yarborough filed an internal complaint with Defendant's Office of Civil Rights.

14. On May 31, 2019, Ms. Yarborough filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

15. Following its investigation, on or about April 5, 2021, the EEOC issued a probable cause determination in Ms. Yarborough's favor.

16. The EEOC then referred the case to the United States Department of Justice. On July 6, 2021, the United States Department of Justices issued Ms. Yarborough a Notice of Right to Sue.

17. The instant lawsuit is timely filed within 90 days of the issuance of the above-referenced Notice of Right to Sue.

18. To date, Ms. Yarborough has been unable to obtain comparable employment within her field within the Washington, D.C. Metropolitan area.

### COUNT I:  DISCRIMINATION IN VIOLATION OF THE ADA

19. Ms. Yarborough incorporates by reference her Statement of Claims contained in paragraphs 5 through 18.

20. She is a member of a protected class. She had a disability and Defendant discriminated against Ms. Yarborough based on her disability.

21. She notified Defendant of her disability.

22. Soon after, Defendant engaged in a series of adverse employment actions, including but not limited to unlawful disclosure of her private health information.

23. As a result of the aforementioned discrimination, Ms. Yarborough suffered loss of income, benefits and career opportunities.

24. As a result of the aforementioned discrimination, Ms. Yarborough suffered humiliation, mental anguish and emotional distress.

25. Based on the facts described above, Defendant discriminated against Ms. Yarborough in violation of the ADA.

## **COUNT II: DISCRIMINATION IN VIOLATION OF THE DCHRA**

26. Ms. Yarborough incorporates by reference her Statement of Claims contained in paragraphs 5 through 25.

27. Ms. Yarborough is a member of a protected class. She had a disability and Defendant discriminated against Ms. Yarborough based on her disability.

28. She notified Defendant of her disability.

29. Soon after, Defendant engaged in a series of adverse employment actions, including but not limited to unlawful disclosure of her private health information.

30. As a result of the aforementioned discrimination, Ms. Yarborough suffered loss of income, benefits and career opportunities.

31. As a result of the aforementioned discrimination, Ms. Yarborough suffered humiliation, mental anguish and emotional distress.

32. Based on the facts described above, Defendant discriminated against Ms. Russell in violation of the DCHRA.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Yarborugh asks this court to grant the following relief:

1. Mr. Yarorough requests any and all relief available under the ADA and the DCHRA including but not limited to the following:

> Declaratory and injunctive relief, including appropriate record correction consistent with the facts of this case and the above-requested relief;
>
> Compensatory damages (pecuniary and non-pecuniary) in an amount to be determined by a jury;
>
> Punitive damages in an amount to be determined by jury;
>
> The reasonable attorney fees at prevailing market rates, costs, and expenses of this action; and
>
> Such other relief as the Court deems just and appropriate.

**JURY DEMAND**

Ms. Yarborough demands a jury for all issues.

/s/ Ardra M. O'Neal
Attorneys for Plaintiff
Ardra O'Neal, Esq. (Bar No.: 464742)
The O'Neal Firm, LLP
700 12th Street, NW, Suite 700
Washington, DC 20005
1-866-771-0151 (Phone/Fax)
ardra@theonealfirm.com
alan@theonealfirm.com